## CAMPBELL v. EDDY.

Ohio Appeals, 1st Dist., Hamilton Co.

Dawson E. Bradley and Jos. W. O'Harra, Cincinnati, for Campbell.

DeCamp, Sutphin & Brumleve, Cincinnati, for Eddy.

225. CHARGE OF COURT—1235 Verdicts—753 Measure of Damages.

1. Assent by defendant's counsel that minimum verdict would be certain sum, warrants court's statement that verdict will necessarily be for plaintiff.

2. Omission in charge held not prejudicial where same was not called to attention of court and testimony fully covered points involved.

HAMILTON, PJ.

1. Where defendant's counsel assented to statement by plaintiff's counsel that minimum verdict would be a certain sum, court's statement to jury that their verdict will necessarily be for plaintiff was not error.

2. In action for breach of employment contract, omission, in court's charge as to measure of damages, of question of minimization of damages by efforts of plaintiff to secure other employment, held not reversible error, where omission was not called to court's attention, and plaintiff fully testified as to her reasonable effort to secure employment and the failure. (Cushing, J., concurs.)

For reference to full opinion, see Omnibux Index, last page, this issue.

---

## STRAUSS BRO. CO. v. LONG, Aud.

Ohio Appeals, 1st Dist., Butler Co.

Paul Scudder, Hamilton, for Strauss Bro.
B. P. Boli, Hamilton, for Long, Aud.

1157. TAXATION.

In absence of substantive law defining method of ascertaining value, determination of taxing officers affirmed.

CUSHING, J.

Where record did not show method used by taxing officers in assessing properties involved at their true value in money, as required by Section 2 of Article XII, Ohio Constitution, nor that method used was different from that employed in assessing other similar property, but testimony of numerous witnesses as to the use of the buildings, their rental value, and obsolescence was considered, held that, in absence of any substantive law defining method of ascertaining value, determination of such officials, passed on by Board of Revision, State Taxing Commission, and Court of Common Pleas, must be affirmed by Court of Appeals. (Hamilton, PJ., and Buchwalter, J., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.

---

## REPRESENTATIVE BUS CO. v. SIMMONS.

Ohio Appeals, 8th Dist., Cuyahoga Co.

W. H. McMorris, Cleveland, for Bus Co.
Geo. W. Spooner, Cleveland, for Simmons.

793. MOTOR VEHICLES—480. Evidence—396. Directed Verdicts.

1. Duty, of buss driver, to allow vehicle approaching from rear to pass.

2. Evidence held sufficient to warrant submission to jury of question of excessive speed and careless driving of bus driver.

791. MOTION—For New Trial—941. Practice and Procedure.

Allegation that counsel was misled by official publication does not show that failure to file motion for new trial within three days was due to unavoidable cause.

753. MEASURE OF DAMAGES.

Award of $10,000 for injuries sustained in automobile accident held not excessive.

SULLIVAN, PJ.

1. It is duty of bus driver, on hearing signal by one desiring to pass, to give way, without any peril to himself and passengers, to the vehicle in the rear, where the roadway is sufficient to allow passage in safety.

2. In action by automobile occupant for injuries from collision with bus refusing to permit automobile to pass on proper signal, evidence held to warrant submission to jury question of excessive speed of bus and of careless driving by bus driver.

3. Motion for new trial, which was not filed within three days, was properly stricken from the record, and allegation that counsel was misled by official publication does not show that failure to file was due to unavoidable cause.

4. Award of $10,000 for injuries to woman whose face was seriously cut and scarred, portion of nose cut away, and who suffered concussion of brain and injuries to shoulder, back, chest, and legs, preventing her from pursuing her vocation as dancing teacher, held not excessive.
(Vickery & Levine, JJ., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.

---

## SIGAFOOS et ADMRS. v. MARKER et.

Ohio Appeals, 2nd Dist., Darke Co.

Decided June 3, 1927.

John S. Hankins, Greenville, for Sigafoos et.
J. A. Kerr and E. H. Kerr, Tippecanoe City, for Marker et.

997. REAL ESTATE—Proceedings to Sell—85. Appeal—923. Pleadings—941. Practice and Procedure.

1. Proceeding to sell real estate not appealable.

2. Filing of answer and cross petition does not make issue in chancery.

BY THE COURT.

1. A proceeding to sell the real estate of the decedent allowed in the probate court, and also allowed on appeal in the Court of Common Pleas, is not appealable to the Court of Appeals.

2. An answer and cross petition, filed on leave in the Court of Common Pleas, which might have been properly filed in the Court of Probate, does not make an issue in chancery so as to sustain the right to appeal.
(Ferneding, Kunkle and Allread, JJ., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.